**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4846**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

BRYAN DEVONAR TATE,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:08-cr-00462-HMH-1)

Submitted: August 14, 2014        Decided: August 25, 2014

Before NIEMEYER, DUNCAN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Devonar Tate appeals the district court's order revoking his supervised release and sentencing him to sixteen months' imprisonment. Counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the district court abused its discretion by revoking Tate's supervised release and in imposing sentence. After conducting our review pursuant to Anders, we sought supplemental briefing to address whether the district court adequately explained the reasons for its sentence. Although we affirm the revocation of Tate's supervised release, we conclude that the district court's explanation was insufficient; thus, we vacate the sentence and remand for resentencing.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, in examining a revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence that falls within the statutory maximum, unless we find the sentence to be "plainly

2

unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, we must first determine "whether the sentence is unreasonable," using the same general analysis employed to review original sentences. Id. at 438. Only if we find a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439. A sentence is plainly unreasonable if it "run[s] afoul of clearly settled law." United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010).

A revocation sentence is procedurally reasonable if, among other factors, the court provides a sufficient explanation for its chosen sentence. Id. at 547. In explaining its sentence, the district court is not required to "robotically tick through [18 U.S.C.] § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). However, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). Although a district court imposing a revocation sentence need not provide as detailed an

3

explanation as that required in imposing an original sentence, it "may not simply impose sentence without giving <u>any</u> indication of its reason for doing so." <u>Thompson</u>, 595 F.3d at 547 (emphasis in original). This is "clearly settled law." <u>Id.</u> at 548.

Tate preserved his challenge to the adequacy of the district court's explanation by "drawing arguments from § 3553 for a sentence different than the one ultimately imposed" by the district court. <u>United States v. Lynn</u>, 592 F.3d 572, 578 (4th Cir. 2010). The Government has conceded that the court's brief statement was inadequate and that the court's failure to provide a sufficient explanation renders Tate's sentence plainly procedurally unreasonable. Although we do not suggest that the court did not listen to and consider the parties' arguments, the court's omission of any explanation for its chosen sentence violates our established precedent. Accordingly, being mindful that a sufficient explanation is necessary "to promote the perception of fair sentencing" and "to allow for meaningful appellate review," <u>Gall v. United States</u>, 552 U.S. 38, 50 (2007), we vacate the sentence and remand for resentencing.[*]

---

[*] Having found the district court's revocation sentence to be procedurally flawed, we have not considered its substantive reasonableness. <u>See</u> <u>Carter</u>, 564 F.3d at 328 ("If, and only if, we find the sentence procedurally reasonable can we consider the (Continued)

4

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no other meritorious issues. This court requires that counsel inform Tate in writing of his right to petition the Supreme Court of the United States for further review. If Tate requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. The mandate shall issue forthwith.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED;</u>
<u>MANDATE TO ISSUE FORTHWITH</u>

---

substantive reasonableness of the sentence." (internal quotation marks omitted)).